IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| STEVEN DAVIS, | : | |
| Plaintiff, | : | |
| | | Case No. 3:10CV0227 |
| vs. | : | |
| | | District Judge Thomas M. Rose |
| MICHAEL J. ASTRUE, | : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social Security Administration, | : | |
| Defendant. | : | |

**REPORT and RECOMMENDATIONS**[1]

## I. Introduction

Plaintiff Steven Davis sought financial assistance from the Social Security Administration by applying for Supplemental Security Income ["SSI"] on January 27, 2006, claiming disability from diabetes, herniated discs at C4, C5 and C6, hypertension, and shoulder problems. (Tr. 127-29, 152).[2] His application was

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

[2] Plaintiff also applied for SSI in 1998 and was granted benefits. He later was found to have experienced medical improvement and his benefits were terminated in October 2003. He appealed this denial, but the Appeals Council ultimately denied review in October 2005. (Tr. 66-89).

1

denied during the initial administrative proceedings.  He then was provided a hearing before Administrative Law Judge ["ALJ"] Thaddeus J. Armstead, Sr.  On May 14, 2009, the ALJ issued a partially favorable decision, concluding that Plaintiff was not under a "disability" within the meaning of the Social Security Act until March 1, 2009, and therefore was not eligible for SSI before that date. (Tr. 17-28).  The ALJ's partially favorable decision and the resulting denial of benefits prior to March 1, 2009, became the final decision of the Social Security Administration.  Such final decisions are subject to judicial review, *see* 42 U.S.C. § 405(g), which Plaintiff now is due.

This case is before the Court upon Plaintiff's Statement of Errors (Doc. #6), the Commissioner's Memorandum in Opposition (Doc. #8), the administrative record, and the record as a whole.

Plaintiff seeks an order reversing the ALJ's decision and granting him benefits from January 2006.  The Commissioner seeks an order affirming the ALJ's decision.

## II.  Background

Plaintiff was 54 years old on March 1, 2009, but within six months of his 55th birthday.  The ALJ found it reasonable and equitable to find that Plaintiff effectively attained the age of 55 on that date.  For purposes of the administrative

2

decision, at all relevant times since March 1, 2009, Plaintiff has been 55 years of age and thus was considered to be an "individual of advanced age" for purposes of resolving his SSI claim. *See* 20 C.F.R. § 416.963(e); (*see also* Tr. 26-27). He has a high school education. *See* 20 C.F.R. § 416.964(b)(4); (*see also* Tr. 27, 156). Plaintiff has no past relevant work. (Tr. 26, 152).

Plaintiff does not challenge the ALJ's evaluation of the medical or vocational evidence or his assessment of Plaintiff's residual functional capacity. (*See* Doc. #6 at 12-16). Rather, Plaintiff challenges only the ALJ's evaluation of Plaintiff's credibility and pain.

Plaintiff testified at the administrative hearing that he is disabled due to numbness and swelling in his feet, diabetes, carpal tunnel syndrome in both hands, recurring degenerative disc disease in his low back, and herniated discs in his neck. (Tr. 37-39). He has gained 50 pounds in "the last couple of years." (Tr. 34). Plaintiff also testified that he experiences numbness in his feet on a daily basis that "comes and goes." (Tr. 40).

Plaintiff estimated that he can stand for less than 15 minutes at a time and can stand for a total of a "couple hours" during a day. (Tr. 40). He can walk about 15 minutes at a time before his leg numbness worsens. (Tr. 40, 45). He believes he could lift about 20 to 30 pounds. (Tr. 42). His carpal tunnel

3

syndrome is worse in the left hand than the right and this affects his ability to use his hands. (*Id.*). He has home exercises that he performs for this impairment. (Tr. 43). His treating physician, Rajendra Patel, M.D., has not recommended any treatment for this problem. (*Id.*).

Plaintiff further testified that he has difficulty opening jars and picking coins up off a table. He can look up and down and side to side, but with difficulty. (Tr. 44). He experiences neck pain on a daily basis for which he takes baby aspirin. (*Id.*). Plaintiff also testified that he has a spur in his foot that causes problems. His diabetes is not under control and his medications are being adjusted. (Tr. 45).

He lives with two young grandchildren and has custody of them. (Tr. 35). His daughter will come over and help with housework several times per week. (Tr. 46). He described the pain in his lower back when he tried to lift 20 pounds as an "electric shock" type pain. (Tr. 47). He used a riding lawn mower to cut grass. (Tr. 46).

## III. THE "DISABILITY" REQUIREMENT AND ADMINISTRATIVE REVIEW

### A. Applicable Standards

The Social Security Administration provides SSI to indigent individuals, subject to several eligibility requirements. Chief among these, for purposes of

4

this case, is the "disability" requirement. To receive SSI, an applicant must be a "disabled individual." 42 U.S.C. § 1381a; *see Bowen v. City of New York*, 476 U.S. 467, 470 (1986). The phrase "disabled individual" as defined by the Social Security Act has specialized meaning of limited scope. It encompasses only those who suffer from a medically determinable physical or mental impairment severe enough to prevent them from engaging in substantial gainful activity. 42 U.S.C. § 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70. An SSI applicant bears the ultimate burden of establishing that he or she is under a disability. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

### B. Social Security Regulations

Social Security Regulations require ALJs to resolve a disability claim through a five-Step sequential evaluation of the evidence. (*See* Tr. 17-19); *see* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any Step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

> 1. Is the claimant engaged in substantial gainful activity?
>
> 2. Does the claimant suffer from one or more severe impairments?
>
> 3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an

>    impairment set forth in the Commissioner's
>    Listing of Impairments, 20 C.F.R. Subpart P,
>    Appendix 1?
>
> 4. Considering the claimant's residual functional
>    capacity, can the claimant perform his or her past
>    relevant work?
>
> 5. Considering the claimant's age, education, past
>    work experience, and residual functional
>    capacity, can the claimant perform other work
>    available in the national economy?

See 20 C.F.R. §404.1520(a)(4); see also Colvin, 475 F.3d at 730; Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001).

### C. ALJ Armstead's Decision

At Step 1 of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 27, 2006, the alleged onset date. (Tr. 19).

The ALJ found at Step 2 that Plaintiff has the severe impairments of degenerative disc disease of the lumbar and cervical spines; morbid obesity; diabetes mellitus; and a history of carpal tunnel with residual right hand grip strength effect. (Id.). The ALJ determined at Step 3 that Plaintiff does not have an impairment or combination of impairments that meet or equal the level of severity described in Appendix 1, Subpart P, Regulations No. 4. (Tr. 22).

At Step 4, the ALJ found that Plaintiff retained the residual functional capacity ["RFC"] to perform a limited range of light work with the following restrictions: must be permitted to sit and stand at will and requires a static work station with no more than occasional movement to another work station not more than 20 yards away; should not climb ladders, ropes, or scaffolds, use foot pedals, leg controls or similar lower extremity controls; should not be exposed to unprotected heights or dangerous moving machinery; should not perform more than occasional stooping, balancing, crawling, crouching, kneeling, or climbing ramps and stairs; and should not reach overhead or perform more than occasional gripping with the right upper extremity that requires extra strength exertion of the hand, such as for a torque wrench or power tool.  (Tr. 22-23).  The ALJ next found that Plaintiff had no past relevant work, but that prior to March 1, 2009, there were a significant number of jobs in the national economy that Plaintiff could have performed.  (Tr. 27).  This assessment, along with the ALJ's findings throughout his sequential evaluation, led him ultimately to conclude that Plaintiff was not under a disability prior to March 1, 2009, and hence not eligible for SSI prior to that date.  (Tr. 17-28).

IV.    **JUDICIAL REVIEW**

Judicial review of an ALJ's decision proceeds along two lines: " whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r. of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r. of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

Review for substantial evidence is not driven by whether the Court agrees or disagrees with the ALJ's factual findings or by whether the administrative record contains evidence contrary to those factual findings. *Rogers v. Comm'r. of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see Her v. Comm'r. of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Instead, the ALJ's factual findings are upheld if the substantial-evidence standard is met – that is, "if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley*, 581 F.3d at 407 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance . . ." *Rogers*, 486 F.3d at 241.

The second line of judicial inquiry, reviewing for correctness the ALJ's legal criteria, may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r. of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); *see Bowen*, 478 F.3d at 746. "[E]ven if supported by

8

substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting in part *Bowen*, 478 F.3d at 746, and citing *Wilson v. Comm'r. of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## V. DISCUSSION

Plaintiff maintains that the ALJ erred by rejecting Plaintiff's testimony about the severity of his impairments because the ALJ misread the medical record and assumed that Plaintiff did not have a herniated cervical disc. (Doc. #6 at 12). Plaintiff further contends that the ALJ erroneously rejected his description of his daily activities. (*Id.* at 15).

"There is no question that subjective complaints of a claimant can support a claim for disability, if there is also evidence of an underlying medical condition in the record." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (quoting *Jones v. Comm'r. of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (other citation omitted). Yet "an ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability." *Id.* (quoting *Jones*, 336 F.3d at 476) (other citation omitted). "Notably, an ALJ's credibility determinations about the claimant are to

be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.'" *Id.* (citations omitted). An ALJ's credibility determinations must be supported by substantial evidence. *Id.*

Contrary to Plaintiff's contentions about the ALJ's purported failure to take Plaintiff's neck pain into consideration, substantial evidence supports the ALJ's credibility determination. The ALJ reasonably found that certain factors undermined Plaintiff's credibility. (*See* Tr. 23-26). The ALJ correctly recognized that Plaintiff did not complain of functional difficulty due to neck pain. (Tr. 24). The ALJ noted that Plaintiff had difficulty looking up and down and side to side because of neck pain; that Plaintiff experienced neck pain on a daily basis; and that Plaintiff took only baby aspirin for that pain. (Tr. 23, 25).

As to Plaintiff's complaints of numbness in his hands, the ALJ noted that EMG testing in May of 2006 revealed no evidence of peripheral neuropathy. (Tr. 24). The ALJ further noted that while EMG testing was consistent with at least some level of carpal tunnel syndrome, physical examinations had not revealed findings consistent with significant functional limitation related to that impairment. (Tr. 25). Damian M. Danopulos, M.D., who examined Plaintiff in August 2006, noted no impairment of manipulative functions. (Tr. 213). Accordingly, as to Plaintiff's manipulative functions, the ALJ relied on the

opinion of the state agency reviewing physician, Michael Stock, M.D. (*see* Tr. 200-07), which gave "considerable benefit of doubt to the claimant's allegations." (Tr. 25). Aside from Dr. Stock, whose opinion the ALJ accepted, no physician opined that Plaintiff had any limitations beyond those the ALJ found. Absent such evidence, the ALJ was not required to credit Plaintiff's testimony or his complaints of pain.

The ALJ also considered Plaintiff's daily activities, which included driving; performing yard work by using a riding lawn mower; sole responsibility for the care and custody of two grandchildren; managing his household without reported difficulty; and maintaining personal hygiene (Tr. 26), which were found to undermine Plaintiff's subjective complaints of disability. In addition, contrary to Plaintiff's contentions, the ALJ considered not only the limited amount or frequency of time in which he engaged in these activities (*see* Tr. 25-26), but also Dr. Patel's treatment notes showing that Plaintiff did not report daily leg swelling. (*Id.*).

"This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

11

Substantial evidence exists when a "reasonable mind might accept" the relevant evidence "as adequate to support a conclusion." *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (internal quotation marks omitted).  So long as substantial evidence supports the Commissioner's decision, the reviewing court must defer to it, "'even if there is substantial evidence in the record that would have supported an opposite conclusion . . . .'" *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Accordingly, Plaintiff's challenges to the ALJ's credibility determination lack merit.

**IT THEREFORE IS RECOMMENDED THAT:**

1. The Commissioner's final non-disability determination be AFFIRMED, and

2. This matter be TERMINATED on the docket of this Court.


June 8, 2011                                  s/Sharon L. Ovington
                                              Sharon L. Ovington
                                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen [14] days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen [17] days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)©, (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen [14] days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).